UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| Darrell Scotty Brooks, #298053, ) | C/A No.  4:10-1971-RBH-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Darrell Scotty Brooks ("Petitioner/Brooks"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 30, 2010. Respondent filed a motion for summary judgment on January 4, 2011, along with a return and supporting memorandum. The undersigned issued an order filed January 5, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on January 18, 2011. (Doc. #30).

## I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

undisputed procedural history as set forth by the Respondent.

Petitioner is presently confined in the Lee Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Oconee County conviction and sentence. The Oconee County Grand Jury indicted Petitioner at the April 2003 term of court for kidnapping (03-0S-37-368) and criminal sexual conduct (CSC) in the first degree (03-0S-37-369). **App.** Danny Day, Esquire, and Blair Stoudemire, Esquire, represented him on these charges.

On November 17-20, 2003, he received a jury trial before the Honorable Alexander S. Macauley. The jury found him guilty as charged. Judge Macauley sentenced him to concurrent sentences of twenty and thirty years imprisonment, respectively, for kidnapping and CSC in the first degree. App. 1-461.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Eleanor Duffy Cleary represented him on appeal. On February 17, 2005, Petitioner filed his Final Brief of Appellant (App. 463-73), in which he presented the following issue for review:

> 1. The trial court erred in refusing to charge the jury that it could not use the evidence of appellant's prior convictions as substantive evidence of his guilt.

Final Brief of Appellant at p.3, App. 466. The State filed a Final Brief of Respondent on February 17, 2005. Assistant Attorney General David Spencer represented the State on appeal. App. 474-88. On January 25, 2006, the South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished Opinion. *State v. Brooks,* 06-UP-054 (S.C. Ct. App., Jan. 25, 2006). App. 489- 90. The Court of Appeals sent the Remittitur to the Oconee County Clerk of Court on February 10, 2006.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (06-CP-37-387) on May 1, 2006. He alleged the following grounds for relief in his Application:

    1.      Ineffective assistance of counsel. The lawyer(s) didn't represent me to the best of his knowledge. (Sic).

    2.      The Solicitor Chrissy Adams tanting (sic) the [jury].

    3.      The Detective Sgt. McGowan lying under oath.

App. 492-99. The State filed its Return on August 24, 2006. App. 500-03.

    The Honorable John C. Hayes, III, held an evidentiary hearing into the matter at the Oconee County Courthouse on November 13, 2007. Petitioner was present at the hearing and was represented by Paul Aaron, Esquire. Assistant Attorney General Daniel E. Grigg represented the State. Petitioner testified on his own behalf. The State presented the testimony of one of Petitioner's trial attorneys, Mr. Day. App. 504-42.

    On November 21, 2007, Judge Hayes filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. Judge Hayes' Order addressed Petitioner's claims that trial counsel was ineffective because he (1) spoke with Petitioner "very little" pretrial; (2) elicited Petitioner's prior record on direct examination of Petitioner; (3) did not tell Petitioner that the State had offered him a twelve-year sentence; (4) told by counsel to remain silent when questioned about a knife found on his premises; (5) advised Petitioner that Petitioner's sentence would run concurrent with Petitioner's Tennessee parole; (6) failed to object when the Solicitor "made smart accusations" against Petitioner in closing argument; (7) failed to object when Petitioner's sister was coerced into testifying; (8) failed to introduce a Burger King receipt in Petitioner's car that would have given Petitioner an alibi; (9) did not disclose a conflict of interest to the trial court; and (10) did not elicit evidence that a sheriff's officer assaulted him at the time of his arrest, and that the same officer planted incriminating evidence. App. 544-48.

    Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Elizabeth

A. Franklin-Best represented him in collateral appellate proceedings. On July 30, 2008, Petitioner filed a Petition for Writ of Certiorari. The Issue Presented in the Petition was stated as follows:

> Did the trial court judge err, when being informed that an actual conflict of interest existed, chose to appoint another attorney to the case to cross-examine a critical witness instead of relieving trial counsel from Brooks' case? And by adding an additional attorney, was the conflict . . . then imputed to the new attorney and did not resolve the conflict? Did the PCR judge err[] in holding otherwise?

Petition for Writ of Certiorari at p. 2.

The State filed a Return to Petition for Writ of Certiorari on November 14, 2008. Petitioner thereafter filed a Reply to Return to Petition for Writ of Certiorari. The South Carolina Supreme Court filed an Order denying certiorari on November 23, 2009. It sent the Remittitur to the Oconee County Clerk of Court on December 9, 2009.

Petitioner filed a second PCR Application (10- CP-37-00118) in state court on January 26, 2010, in which he raised the following allegations:

1. Ineffective Assistance of Counsel.

2. Ineffective Assistance of Appellate Counsel.

3. Ineffective Assistance of PCR Judge.

The State filed its Return and Motion to Dismiss on March 8, 2010. The State argued that the 2010 Application was subject to summary dismissal because it was successive to the previous (2006) application and because it was barred by the statute of limitations governing state PCR filings, S.C. Code Ann. §17-27-45(A) (Supp. 2010).

The Honorable Alexander S. Macaulay dismissed the action in a Conditional Order of Dismissal filed on March 17, 2010. In the Conditional Order of Dismissal, Judge Macaulay found that the 2010 Application should be summarily dismissed for the reasons argued by the State.

However, he gave Petitioner twenty days within which to show cause why a Final Order should not be entered.

Petitioner filed a document entitled "Why PCR Should Not Be Dismissed In Its Entirety" on April 5, 2010.

On May 24, 2010, Judge Macaulay filed a Final Order of Dismissal dismissing the 2010 Application because it was successive to the 2006 application and because it was barred by the statute of limitations.

Respondent asserts that its files pertaining to Petitioner's state PCR filings do not contain a notice of appeal, but that Petitioner apparently filed a notice of appeal in the South Carolina Supreme Court. On June 30, 2010, the Clerk of the South Carolina Supreme Court wrote Petitioner. The Clerk then asked Petitioner to provide the Court with the following, within fifteen days of the letter:

(1). A proof of service showing that the notice of appeal has been timely served on counsel for respondent. Please note that the time to serve the notice of appeal is relatively short and this period cannot be extended. Rules 203(b)(1), 243(b) and 263(b) of the South Carolina Appellate Court Rules (SCACR).

(2). A copy of the orders on appeal (be sure to include a copy of the final order and any conditional order of dismissal);

(3). The explanation required by Rule 243(c) (formerly Rule 227(c)), SCACR, if the circuit court held that this matter is barred as being successive and as being untimely under the statute of limitations. If required, this explanation must contain sufficient facts, argument and citation to legal authority to show that there is an arguable basis for asserting that the determination by the lower court was improper.

The letter further warned Petitioner that the "[f]ailure to provide these items may result in dismissal of this matter," and the letter directed him to the appropriate form for a proof of service. Petitioner did not respond to the Clerk of Court's letter. The South Carolina Supreme Court filed

an Order of Dismissal on July 16, 2010, based upon Petitioner's failure to provide the written explanation required by Rule 243(c), SCACR. It sent the Remittitur to the Oconee County Clerk of Court on August 3, 2010.

## II.  GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim:

> **GROUND ONE**: My lawyer Mr. Day at trial should have suppressed the issue of conflict of interest on direct appeal.
>
> **SUPPORTING FACTS**: The conflict of interest is there. That's the whole problem in my case.
>
> **GROUND TWO:** Conflict of interest - Jail house snitch. (See written certification pgs. 4 & 5).

(Petition).

## III.  SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary

judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

       To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer

Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### IV.  STANDARD OF REVIEW

Since Brooks filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of

federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.   DISCUSSION AS TO PROCEDURAL BAR

### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process;

>> or
>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR).

See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

## 2.Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely

fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4.  Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice."

Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ARGUMENTS/FINDINGS

In Grounds One and Two, Petitioner appears to argue that the trial court erred by not relieving trial counsel due to a conflict of interest in that he represented a critical state witness that was going to be presented by the state to testify against Petitioner. Therefore, counsel would not be able to effectively cross-examine the state's witness. The trial court dismissed counsel as to his appointment of the state's witness and also appointed a second attorney for Petitioner for the purpose of cross-examining said state witness. Petitioner argues that the trial court erred by not relieving counsel and by attempting to cure the conflict problem by appointing the second attorney to conduct cross examination.

The Respondent submits that Petitioner has technically exhausted all available state remedies for these claims. Respondent argues that "to the extent he is alleging that the PCR judge erred by not finding that the trial judge incorrectly cured a conflict of interest arising from trial counsel's representation of one of the State's witnesses and Petitioner" the issue is procedurally defaulted because Petitioner did not present it to the state supreme court on direct appeal. (Memorandum).

Petitioner did not raise the issue raised in Grounds One and Two on direct appeal.[2] Therefore, this issue was not preserved under state law and is procedurally barred on habeas review. Wainwright, 433 U.S. at 87 (finding failure to preserve issue under state law results in procedural bar on habeas review); Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (holding federal constitutional claim must be explicitly raised in state proceedings); Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (holding failure to preserve issue under state law results in procedural bar on habeas review). A prisoner must demonstrate cause for his state court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the claim's merits. Counsel's ineffectiveness in failing properly to preserve a claim for state court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim. Murray v. Carrier, 477 U.S. 478, 489-97 (1986). The comity and federalism principles underlying the doctrine of exhaustion of state remedies require an ineffective-assistance claim to be presented to the state courts as an independent claim, before it can be used to establish cause for a procedural default. Id. at 489. The doctrine's purposes would be frustrated if federal review were available to a prisoner who had presented his claim in state court, but in such

---

[2] Petitioner's trial counsel raised the issue of conflict of interest with the trial court and it was thoroughly discussed. (Trial transcript 4-29).

a manner that the state court could not, under its procedural rules, have entertained it. Id.

Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, Grounds One and Two are procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with regards to Grounds One and Two and the petition dismissed.

## VII. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment

(docket entry #25) be GRANTED, Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 27, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**