IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darrell Scott Brooks, | ) | Civil Action No.: 4:10-cv-01971-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina.

On January 4, 2011, Respondent filed its [Docket Entry 25] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 26]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 5, 2011, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. On January 14, 2010,[1] Petitioner timely filed his [Docket Entry 30] Response in Opposition to the summary judgment motion.

This matter is now before the court with the [Docket Entry 32] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[2] filed on June 27, 2011. In his R & R, the Magistrate Judge recommended that the court should grant Respondent's summary

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

judgment motion. *See* R & R at 16-17. Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 34].

## Background

The Magistrate Judge accurately and thoroughly set forth the procedural history and background of this case in his R & R, which this Order adopts and incorporates by reference. Moreover, neither party objected to the Magistrate Judge's recitation of this background information. Accordingly, the undersigned will not repeat the procedural history and background herein.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In his R & R, the Magistrate Judge concluded that "Petitioner did not raise the issue raised in Grounds One and Two on direct appeal. Therefore, this issue was not preserved under state law and is procedurally barred on habeas review." R & R at 15 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding failure to preserve issue under state law results in procedural bar on habeas review)). Moreover, the Magistrate Judge found that "Petitioner ha[d] not shown sufficient cause and prejudice to excuse the default," noting that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . ." *Id.* at 16. Therefore, the Magistrate Judge ultimately "recommended that the Respondent's motion for summary judgment [should] be granted . . . and the [Petitioner's] petition dismissed." *Id.*

While Petitioner did timely file objections to the R & R, he did not object to the Magistrate Judge's conclusion that his claims are procedurally barred. As a matter of fact, nowhere in his objections does Petitioner appear to address the Magistrate Judge's conclusions regarding exhaustion and procedural default. Rather, Petitioner appears to generally argue only that the "State of S.C. . . . violated [his] 14 & 16 Amendment – the right to a fare [sic] trial & conflict of interest." Obj. at 1. Petitioner has failed to present any arguments as to why his claims should not be considered procedurally barred. Because Petitioner failed to object to the Magistrate Judge's findings regarding this procedural bar, the court adopts those findings and recommendations after reviewing the face of the record for clear error and finding none. *See Diamond*, 416 F.3d at 315.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

### Conclusion

The court has thoroughly reviewed the entire record, including the R & R and objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, it is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, Petitioner's § 2254 Petition is **DENIED**, and the § 2254 Petition is **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 20, 2011